The case for argument this morning is 12-16-23 Raymond Caluori v. One World Technologies. I think we're ready, Mr. Adler. Thank you. May it please the court. My name is Erwin Adler and I have the honor of representing Raymond Caluori on this appeal. As we pointed out in the briefs, there are really four legal issues or four legal areas that we are focused on in terms of errors committed by the trial court. And there is an additional issue which One World has raised in terms of a procedural issue concerning its argument that Caluori cannot argue these issues as a matter of law on a de novo basis because he failed to file a JMOL motion. And you filed only seeking a new trial. Correct, Your Honor. So your brief seems to be fulsome just asking for a reversal and not a new trial. Am I misreading it? You are reading it entirely accurately, Your Honor, because as far as we are concerned, there are legal issues. Those legal issues are dispositive of the case as we understand it. And we are not trying to get a new trial at this point in terms of... The question is, do you think under the rules that you actually preserved your ability to be doing that here on the appeal? Yes, I do. And the reason I believe that is because if this court reverses the holdings of the district court on the four areas that we were talking about, then a judgment would be entered in favor of Mr. Caluori with the only issue left to be resolved by the district court is what's the level of royalty to be paid by One World. The way I see Judge Prost's question, and I have the same concern, is that you're asking us to review the judgment of the district court, yet you yourself haven't challenged that judgment. I'm sorry, Your Honor, we are challenging that judgment in two ways. One, we challenged the judgment in the district court asking for the court to grant a new trial based on the legal errors the court had committed. We did not ask the court to re-weigh the factual evidence. In the Ninth Circuit, the underlying, which is the jurisdiction from which this case is taken from, this case arises out of the Central District of California. If a litigant raises a legal issue, that legal issue is reviewed de novo in the Court of Appeals. And that is the Molesky case, which we cited in our brief, and which this court, that is the Federal Circuit, has followed in indicating that if a legal challenge is raised on an issue that is of serious concern, of significance, that litigant is entitled to get a hearing de novo on the legal issue that they raised. I have a case that's more specific to our current situation here. Is there a case from the Ninth Circuit that says you can still get judgment as a matter of law on appeal to the Ninth Circuit even when you did not do a Rule 50 motion in front of the district court from an adverse verdict there? Is there a case like that? I believe there is. I have not investigated that because there's Section 1292, which indicates the appellate court is entitled to enter a judgment of its own accord if the legal determinations indicate that that is the appropriate course to be followed. The net result of it is, based on the fact that the statute is as clear as it is, I did not investigate that question, but I am absolutely certain that there's authority to support that. And if I have permission from the court, I'd send a two-page letter that deals with that issue. So you had your opportunity in your gray brief. It was raised by the red brief. You took your best shot at it in the gray brief. And I think that we're entitled to have the legal issues considered on appeal based on the fact that in the Ninth Circuit those issues would be considered on the merits, and then the Ninth Circuit would do whatever is appropriate. If a new trial is warranted, a new trial would be granted. If a judgment is warranted, I think a new judgment would be granted. That's the position that we're taking on that issue. Judge Shen, you appear to have a question. Well, do you agree that if we decide that we are restricted to deciding whether you should be entitled to a new trial, that that is an exceedingly high bar for you to meet? Yes. That the standard review at this level is much more deferential? If we are dealing with an issue of law, and as I see it, we are dealing with four issues of law under Ninth Circuit authority, and we have, I think, probably five cases in the brief on this issue. If there is an issue of law which indicates that the trial court erred, then we are entitled to move forward as the appellant on that issue. It's not a matter of fact. The question is a matter of law, and judgment then is either entered in our favor or is entered in our favor, granting us a judgment that would be entered by the district court. Even though you've only asked for a new trial? That is correct, Your Honor, because procedurally, if we are entitled to a ruling in our favor as a matter of law, and the trial court erred in holding against us on an issue of law, then … If your theory is correct in terms of how this all works, then is it your view that there's no difference between whether you file a 50 motion below or not, whether you go 50A, 50B, whether you do that or whether you just go for a new trial, that it all ends up at the same place, that there's no procedural distinction or different posture of a case in terms of what you did below? Oh, I think there's a very great difference depending on what the issues are that you are addressing. You seem to be saying, except in a circumstance where I come in and am making an argument which you think has merit, that the district court erred as a matter of law, then there's no distinction between what motions were filed. I have done a very poor job of explaining myself, Judge. What we have here is a situation in Rule 50, JMOL motions, deal with the issue of sufficiency of the evidence. These are factually based issues. Is there a sufficient evidence to support a verdict in this case? That kind of thing. Is there a factual basis, sufficient evidence in the record to support this finding of fact? What we are indicating is a different category of analysis, and that is as a matter of law, if the court fails to, for example, construe a provision of the patent correctly, that is an issue of law which this court, it treats as an issue of law, and it reverses the district court as a matter of law without considering any type of abuse of discretion standard. It's a matter of law which requires an over-review. But if that's the result that you're seeking and that you think is necessarily flowing from what's gone on here, then there's no new trial under those circumstances. A new trial would be irrelevant, right? Correct. Absolutely correct. What we are looking at here… We are reviewing the district court's denial. You asked the district court for a new trial. He said, no, we're reviewing on the field that denial of a motion for a new trial, correct? And also the judgment that was entered. In fact, there was a separate, procedurally in this case, we appealed before the court ruled on the motion for a new trial. If you're challenging the judgment, wouldn't you have had to follow JMOL? Not that I'm aware of, Your Honor. Because if we are challenging the judgment, we are challenging the judgment on errors of law. That is the procedure, as I understand it, that governs in the Ninth Circuit. That in other words, if we have a legal ruling that is made by the trial court, let's take out the position of a new trial motion at all. If there is a judgment that is entered and we had never asked for a motion for a new trial, we would be entitled to appeal that judgment and obtain reversal as to legal errors committed by the trial court. A JMOL motion addresses in 50A and 50B, it's the analog of a motion for a directed verdict and for a JNOB motion. That's what Rule 50, when Rule 50 was enacted, that's what it was designed to do, was to remove those factual issues from the common law, create a Rule 50B JMOL motion, and deal with factual issues that should be treated as matters of law, that there is insufficient evidence either to allow the case to go to a jury, or if a jury verdict has been rendered, to allow that jury verdict to stand. You're into your rebuttal time, and we haven't let you get very far. Of course, we have your arguments on the merits on the briefs. Thank you, Your Honor. Why don't we hear from the other side? Thank you. May it please the Court. I'm Don Best on behalf of Appelli One World Technologies. I'd first like to address the question about a Ninth Circuit case covering this situation. That case is Dess-Rosiers, D-E-S-R-O-S-I-E-R-S, versus Flight 156F3rd, 952, Ninth Circuit, 1998. In that case, the respondent failed to submit a motion for judgment notwithstanding the verdict. The only motion filed by Flight following the verdict was a motion for new trial under Rule 59, and the Court there held, because Flight failed to make a Rule 50B motion, this Court has no power to grant and therefore cannot consider a judgment as a matter of law. And that is the very same situation here. Moreover, we've cited the controlling law, regardless if there's some Ninth Circuit authority that might be contrary to this, which we haven't found. Wait, is the case you just cited, is that cited in your brief? No. I'm sorry. After this came up, we made a motion for certify to bring this up, because we felt that the appellant had not properly cited unitherm. He raised a statute that was raised by the dissent in unitherm, saying that appellate courts can review anything. And the unitherm court expressly rebuked that and said, no, this Rule 50 jurisprudence is clear. If you don't move under Rule 50 for a JMAL below, you cannot seek judgment on appeal. That law is unassailable. Moving on to the merits. Now, the problem here is he briefed this as if it was a Rule 50 review. And, in fact, the question here on the non-infringement obviousness and inventorship is what standard of review to apply. And that standard of review is abuse of discretion and looks at legal questions de novo, but underlying facts for an abuse of discretion and whether there was an absolute absence of evidence. In this case, it is clear that there was plenty of evidence to support the jury's findings of non-infringement, obviousness, and also two other findings of invalidity based on naming the wrongful inventors. Claim construction is a question of law, right? Enablement, ultimately, is a question of law. Inventorship is ultimately a question of law. It has the underlying fact findings. But one could see that the three big issues here are ultimately legal questions. We don't have an enablement issue, but yes, inventorship is the legal conclusion is reviewed de novo. And you're absolutely right. Section 103.  But the underlying facts are reviewed for an abuse of discretion and under the Ninth Circuit law, there has to be an absolute absence of evidence to support the jury's verdict of obviousness. So those are the standards. I think we've covered this very well in our brief. The court should affirm based on several different grounds. We've already covered the Rule 50 issue controlled by Unitherm. In terms of the non-infringement issue, you are correct. The appellant raises a claim construction issue that's reviewed de novo for prejudicial, harmless error. But you don't even have to get to that here. There were two other non-infringement positions advanced at the district court, either one of which could have supported the jury's verdict. The expert testimony at trial was that the accused product did not have pockets, which was required by every asserted claim, and did not have the cylindrical shape that is required by every single claim. In terms of pockets, the jury was actually handed each juror. Wait, so you're saying that even if you accept their view on claim construction, there's enough evidence to support even under their claim construction, the findings of infringement of non-infringement. That is correct. Did the jury break it out like this and say, no, there's no pocket, no, it's not cylindrical, no, it doesn't maintain the integrity of the housing? No, the verdict form did not do that, but there was evidence put into the record that under any construction of raised support arms, there was no infringement. Our expert testified that the thickness of these quote-unquote raised support arms in our product was the size of a fingernail. Each juror was handed a product and allowed to inspect the product visually and could have easily concluded that there's no raised anything. Now, interestingly, in the claim construction advance below, both parties submitted to the court that the term raised support arms required further definition. Both parties turned to column three of the patent for that definition, where it talked about the protective function of the raised support arms and the structural integrity feature. The court adopted that definition in claim three. It's all in one sentence. The plaintiff below advanced only part of that sentence, the structural integrity portion. The court said no, that this all helps to define raised support arms. But the other non-infringement positions… Is that appropriate to convert a structural claim term into just pure function? I think in this case it is, because otherwise the term raised support arms is… I think it would fail under 112. What does it mean? What does support mean? By the way, if you'll notice in the appellant's brief, he wants to write out the word support, that it really doesn't have any meaning, and we can't do that here. Raised arms is not enough. The whole reason for getting this patent is that their prior art product was experiencing crushing. When you tighten the laser device down, the thin piece of stainless steel would warp and cause the laser to go out of alignment and could also crush the internal components, which are batteries and a laser. So that's why they put that in. That's what allowed the examiner to grant the patent. The examiner forced the applicant to take that raised support arms feature out of a dependent claim and put it in the independent claim. Only then did the examiner say that these structural features are now distinguished over the prior art. Baird didn't have anything to do with that, right? Novelty is the raised support arms, and Baird didn't participate in that. That is correct. Baird did not participate in the raised support arms. To be a co-inventor, don't you have to somehow be involved in the inventive concept, the point of novelty? Not just parts that are established in the prior art? Everything that Baird did was in the prior art 757. I can go to that, just one moment. I think this is addressed in the Panu versus IOLAB Corp case, FEDSER 1998. It says, Appellant cannot claim the status of a sole inventor simply because Baird, here, had disclosed his ideas to Appellant and others more than a year before the filing of the 727 patent application. In other words, Baird substantially contributed to every single claim. He was the first person to actually suggest putting this laser device up against the blade. He suggested the centrifugal switch, how to position the laser. In fact, in Claim 13, the... Just so I understand, that's all part of the 757 patent? Except one thing. What? Claim 13 claims an adjustable lens. That does not appear in the 757 patent. And that was unequivocally Baird's contribution. Didn't the court read into the patent, the limitation that the purpose of the razor arm was to prevent crushing of the components inside the housing? Yes. The court found that. That's kind of the protective feature. The court also found the structure... Isn't that error? We don't think so. We think raised support arms have to have some meaning in conjunction with this patent. We also believe that... It could be, as the court found, to prevent collapse of the housing. But why is it necessary to prevent crushing of the other components like the batteries and... Preventing the crushing of the housing is the same thing as protecting the components. In the original device that did not have the raised cross arms, when you tighten that nut down, it would push a plate into and short out the batteries or misalign the laser. So when you put the raised support arms in, it both prevents crushing and protects those components that are placed in between the cross member. Does that answer your question? You've answered the question, but I'm kind of surprised at your answer. Does it matter? Does it matter that the court read this limitation into the patent that's not there? We don't think so. We think this judgment stands irregardless of that. And that's in line with the Verizon Services Corp. v. Cox case, FEDSER 2010. It says, this court affirms that the jury had substantial evidence to find that the patent was not infringed regardless of whether the district court was correct in its construction. So regardless of the court's construction, the jury was presented with evidence of other non-infringement grounds, namely no pockets, no cylinder. The jury was also presented with evidence that under any claim construction, the patent would still not be infringed. Hypothetically, you're saying there's multiple grounds for why the jury could have found that claims were not infringed. What if, hypothetically, we disagreed with one of the four, but maybe three of the four seemed reasonable enough? But we can't tell which one the jury relied on. Right now, all we're looking at is a black box. I think that's the Verizon v. Cox case. Is that what happened in Verizon? Yes. The court reversed itself on one, a claim construction issue, but the others were preserved. And beyond that, we have to remember here that this is not just a non-infringement finding by the jury. The jury found obviousness, which let's say you reversed on claim construction and gave some broader construction. I don't know what that would be. I'm not quite sure what appellant is advocating. But that would only enhance the obviousness finding if the claim is actually broader. Moreover, the inventorship issues here are independent of that claim construction issue. And in particular, with respect to Mr. Albrecht's contribution, there, Mr. Clorey had contacted Mr. Albrecht. He wanted to improve the optics within the laser device. And Mr. Albrecht was retained and sent him on July 4, 2001, an email with his design of the adjustable laser and the somewhat flexible housing. Within one month, applicant applied for the patent and used that very diagram as figure four, which is the only embodiment of claim 34 of the patent. So if there's a failure to list a co-inventor of one of 50 claims, is it that one of 50 claims that's invalidated or is it the entire patent that gets invalidated? The entire patent. The entire patent because if you are a co-inventor on one claim, even one element of a claim, the law is that the patent is invalid for wrongful inventorship. I have nothing further. Your Honor, obviously I have a number of points to cover in a relatively short period of time because of the questioning on the Rule 50 as opposed to Rule 59 issues. I did not deal with Rozier versus this flight case that Mr. Best raised and I'd like the opportunity of responding to that by letter. In terms of the JMOL motion, Mr. Best refers to Unitherm as somehow resolving this issue. The court in Unitherm did not consider issues of law. The only thing the court in Unitherm considered were issues of fact and it highlighted in Unitherm that because the appellant had failed to file a Rule 50A motion, it could not file a 50B motion. That's what the entire thrust of it was about. There was no issue of granting or not granting a new trial based on issues of law. In terms of abuse of discretion, the only thing that abuse of discretion relates to is when you have a dispute of factual issues and where there is a conflict over the factual issue. If you have a legal ruling, as Judge Chen pointed out, where you have a claim construction as a matter of law, that doesn't become subject to an abuse of discretion standard. In terms of Mr. Best's comments about raised support arms, the patent itself calls out a raised support arms radiating from the central hub of the device. That is the structure that we're talking about here. A raised support, the word support means support. This device is whirling on a miter saw at between 2,500 and 7,500 RPM. That arm provides a support while that device is turning. All of the experts, at least our experts, were trying to testify about that and indicated that that was so and the court didn't allow us to get into that issue because of the court's concern of its determination of importing that idea of protection from the preferred embodiment into the claims construction of Claim 1. In terms of Mr. Baird disclosing any ideas, all of the 757 patent was re-examined and found to be of the public domain. There is no evidence, absolutely no evidence, and there's none pointed out by One World, that there is anything that Mr. Baird talked about to Kahloury that Kahloury used in Claims 1, 17, and 34, which were the independent claims that were left and remain left after the 757. About Claim 13 and the adjustable lens. I'm sorry? Your colleague talked about Claim 13 and reciting an adjustable lens. In terms of the adjustable lens, the lens had been adjustable in terms of prior art. The lens had been adjustable from the time Kahloury started making his devices in 2001, so that would be out in the public domain as well. That was under the original device that he made under the 757 patent because what he wound up doing was, in terms of that original device, is he adjusted each one of those lenses so that the lens would send the laser beam out in front of the device so as to be able to have the operator guide the woodstock or whatever is being cut into the miter saw. This adjustable thing was either public knowledge as a result of the 757 patent or was already in the public domain. There was nothing novel about it. The flexible housing is the support on which Albrecht developed his projector frame with the new form of adjustable lens and light pipe. So that's what Claim 34 is all about, is the support for that platform. Well, Mr. Adler, you're kind of supposed to run out, but I think you made a request sort of at the beginning saying that you'd like some time to be able to respond to the case, and so we'll give you, unless there's a problem with that, two business days to respond, obviously in a matter of a page or two, to the new case that was raised today by your friend. Thank you very much, Your Honor. All right. Thank you. The case is submitted. We thank both counsel. Thank you.